Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHARMING BEATS LLC,                    Case No.: 23-cv-4720

                Plaintiff,        **ECF CASE**

     v.                                   **COMPLAINT AND JURY DEMAND**
                                       **FOR DAMAGES FOR COPYRIGHT**
                                       **INFRINGEMENT**
ALASKA GROUP, LLC, BACKCOUNTRY
WARRIORS LLC, PCMD TECHNOLOGIES,
SHEILA MONSON, and KEVIN MONSON,

              Defendants.

-------------------------------------------------------------x

       Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this

Amended Complaint and Jury Demand against defendants ALASKA GROUP, LLC,

BACKCOUNTRY WARRIORS LLC, PCMD TECHNOLOGIES, SHEILA MONSON, and

KEVIN MONSON, for damages based on copyright infringement and related claims pursuant to

the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act"

or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the

"DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information

and belief as to other matters so indicated.

## JURISDICTION AND VENUE

    1.    Defendants reside or maintain a primary headquartered in Alaska.

2.      Defendants, without license or authority, reproduced, distributed, publicly displayed and/or synchronized plaintiff's copyrighted recording and composition "*Equinox*" – U.S. Copyright Registration No. SR 713-239 (the "Copyrighted Track).

3.      Defendants' infringing acts are torts committed out of state.

4.      Defendants generate significant income from interstate and international commerce, including New York State.

5.      This Court has jurisdiction over both defendants pursuant to CPLR 302(a)(3)(i) and (ii).

6.      Plaintiff was specifically damaged in this Judicial District as described below.

7.      This Court has jurisdiction over both defendants pursuant to CPLR 302(a)(3)(i).

**VENUE**

8.      At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

**DUE PROCESS**

9.      There are no due process concerns in light of the fact that defendants committed intentional torts that they knew would have an effect in this Judicial District.

**DUE PROCESS**

10.      There are no due process concerns in light of the fact that defendant resides in this Judicial District.

**PARTIES**

11.      Plaintiff CHARMING BEATS LLC is a limited liability company existing and organized under the laws of the State of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

12.     Upon information and belief, defendant ALASKA GROUP, LLC ("ALASKA") is a limited liability company organized and existing under the laws of Alaska and maintains its principal place of business located at 101 W Benson Blvd, Suite 503, Anchorage, AK 99503. Defendant ALASKA can be served through its agent at Matt E. Dimmick, 101 W Benson Blvd, Suite 503, Anchorage, AK 99503.

13.     Upon information and belief, defendant BACKCOUNTRY WARRIORS LLC ("BACKCOUNTRY")  is a limited liability company organized and existing under the laws of Alaska and maintains its principal place of business located at 11048 N Lakes O The Su Dr., Willow, AK 99688.  Defendant BACKCOUNNTRY can be served through its agent at Sheila Monson, 11048 N Lakes O The Su Dr., Willow, AK 99688.

14.     Upon information and belief, defendant PCMD TECHNOLOGIES ("PCMD") is a company with a principal place of business located at 4930 E Hovey Dr. Wasilla, AK 99654.

15.     Upon information and belief, defendant SHEILA MONSON ("S MONSON") is an individual residing at 11048 N Lakes O the Su Dr #53, Willow, AK 99688.

16.     Upon information and belief, defendant KEVIN MONSON ("K MONSON") is an individual residing at 4930 E Hovey Dr, Wasilla, Alaska 99654.

## FACTS

17.     Plaintiff is the sole owner by assignment of an original musical composition and recording titled *"Equinox"* – U.S. Copyright Registration No. SR 713-239 (the "Copyrighted Track"). See **Exhibit 1.**

18.     The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

19.     Defendants ALASKA, S. MONSON, K. MONSON and BACKCOUNTRY created a video advertisement titled "Alaska Living And Real Estate! Dinner Cruises on our Floating Dock at Alaska's Heritage Lodge!" (the "Infringing Advertisement No. 1").

20.     Defendants ALASKA, S. MONSON, K. MONSON, and BACKCOUNTRY, without license or authority, reproduced and synchronized the Copyrighted Track to the Infringing Advertisement No. 1.

21.     Defendants ALASKA, S. MONSON, K. MONSON, and BACKCOUNTRY, without license or authority, distributed the Infringing Advertisement No. 1 to YouTube (and possibly other third-party Internet service providers) where the Infringing Advertisement No. 1 was publicly displayed on defendants' ALASKA, and S. MONSON YouTube page located at <www.youtube.com/watch?v=EQSl4_VYBCA>.

22.     Infringing Advertisement No. 1 is an advertisement created to promote defendant BACKOUNTRY.

23.     At no time did the defendants ALASKA, S. MONSON, K. MONSON, or BACKCOUNTRY have the right to use the Copyrighted Track in any manner.

24.     Defendants ALASKA, S. MONSON, K. MONSON, and BACKCOUNTRY infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

25.     As a direct and proximate result of defendants ALASKA's, S. MONSON's, K. MONSON's, and BACKCOUNTRY's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendants' direct and indirect profits concerning Infringing Advertisement No. 1 in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory

damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000, plus costs, interest, and reasonable attorneys' fees.

**NOTICE**

26.     On or about September 15, 2021, plaintiff served a demand to cease-and-desist on all defendants. See **Exhibit 2**.

27.     All defendants elected not to respond and continue to infringe.

28.     On or about May 24, 2022, plaintiff, through counsel, served a demand to cease-and-desist on all defendants. See **Exhibit 3**.

29.     Defendant S. MONSON responded on May 24, 2022, acknowledging receipt of the demand to cease-and-desist.

30.     On or about July 17, 2022, plaintiff, through counsel, served a demand to cease-and-desist on all defendants. See **Exhibit 4.**

31.     On or about August 9, 2022, plaintiff, through counsel, served a demand to cease-and-desist on all defendants. See **Exhibit 5.**

32.     Previously, defendants were informed by YouTube that the musical content in the Infringing Advertisement belonged to plaintiff.

33.     Defendants elected to ignore the YouTube notice.

34.     Defendants' failure to comply with the separate notices from plaintiff, YouTube, and plaintiff's counsel evidences their intent to infringe.

35.     The callous disregard the defendants have for their legal responsibilities can only be addressed by an award at the top of the statutory scale.

**INFRINGEMENT NO. 2**

36.     Defendants PCMD and K. MONSON created a video advertisement titled "FPV Aerial video of the Palmer Hayflats State Game Refuge" (the "Infringing Advertisement No. 2").

37.     Defendants PCMD and K. MONSON, without license or authority, reproduced and synchronized the Copyrighted Track to the Infringing Advertisement No. 2.

38.     Defendants PCMD and K. MONSON, without license or authority, distributed the Infringing Advertisement to YouTube (and possibly other third-party Internet service providers) where the Infringing Advertisement No. 2 was publicly displayed on defendants' PCMD and K. MONSON YouTube page located at <www.youtube.com/watch?v=3mpmt6nDqes>.

39.     At no time did the defendants PCMD and K. MONSON have the right to use the Copyrighted Track in any manner.

40.     Defendants PCMD and K. MONSON infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

41.     As a direct and proximate result of defendants PCMD's and K. MONSON's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendants PCMD's and K. MONSON's direct and indirect profits concerning Infringing Advertisement No. 2 in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000, plus costs, interest, and reasonable attorneys' fees.

**NOTICE**

42.     On or about November 12, 2022, plaintiff, through counsel, served a demand to cease-and-desist on defendants PCMD and K. MONSON. See **Exhibit 6**.

43.     Defendants PCMD and K. MONSON elected not to respond and continue to infringe.

44.     Previously, defendants PCMD and K. MONSON were informed by YouTube that the musical content in the Infringing Advertisement belonged to plaintiff.

45.     Defendants elected to ignore the YouTube notice.

46.     Defendants PCMD's and K. MONSON's failure to comply with the separate notices from YouTube, and plaintiff's counsel evidences their intent to infringe.

47.     The callous disregard defendants PCMD and K. MONSON have for their legal responsibilities can only be addressed by an award at the top of the statutory scale.

## DUE DILIGENCE

48.     Until in or around April 2020, plaintiff conducted numerous searches of YouTube each year, with the help of a third-party, looking for unlicensed uses of its copyrighted recordings and compositions.  The defendant's Infringing Advertisement did not appear in any of the prior searches.

49.     In April 2020, plaintiff retained a new agent to search YouTube for unlicensed content.

50.     The Infringing Advertisements appeared for the first time in the September 2021 report.

51.     It was not possible to identify defendant's Infringing Advertisement in the sea of 156,000,000 million hours of videos on YouTube prior to September 2021.

**DMCA VIOLATIONS**

52.     Defendants removed and failed to include the copyright management information ("CMI") associated with the Copyrighted Track.  Specifically, the Infringing Advertisements omit the Copyrighted Track's title, album name, author, label, and copyright owner.

53.     Defendants removed the CMI with the intent to conceal its infringing conduct.

54.     Defendants' removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

55.     Defendants refused to include the CMI despite numerous notices.  This is a separate violation of 17 U.S.C. § 1202.

56.     Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

57.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

58.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

59.     Defendants, without authority from plaintiff, reproduced, distributed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisements.

60.     Defendants created and displayed the Infringing Advertisements for the sole purpose of advertising their services to create additional income.

61.     Defendants refused to cease-and-desist after demands from YouTube, plaintiff, and plaintiff's counsel.

62.    Defendants' use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

63.    Defendants' use was not transformative.

64.    Defendants elected to reproduce, synchronize, publicly display, and/or distribute plaintiff's Copyrighted Track, using a substantial portion of the Track, without a license.

65.    As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendants' direct and indirect profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

66.    Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

67.    Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

68.    Defendants could not have obtained a copy of the master recording for the Copyrighted Track without this information.

69.    Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

70.     A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

71.     Defendants' Infringing Advertisements are synchronized to a very high-resolution copy of the Copyrighted Track.  This high-resolution version cannot be obtained without copyright management information being included.

72.     Defendants removed plaintiff's CMI, and then copied, synchronized, publicly displayed, and distributed the Copyrighted Track.

73.     Defendants failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

74.     Defendants did the forgoing with the intent to conceal the infringement.

75.     Defendants violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

76.     Defendants violated the DMCA by failing to correct the CMI after multiple notices.

77.     Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1.      restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2.      compensatory damages in an amount to be ascertained at trial;

3.      statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.      an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.      reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.      pre- and post-judgment interest to the extent allowable; and,

7.      such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 24, 2023             **GARBARINI FITZGERALD P.C.**
     New York, New York

By: _Richard M. Garbarini_ _____

          Richard M. Garbarini (RG 5496)